IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| RODNEY THOMPSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-01010-STA-jay |
| ) | |
| THE RAYMOND CORPORATION, ) | |
| et al., ) | |
| ) | |
|     Defendants. ) | |

**ORDER GRANTING MOTION TO DISMISS DEFENDANTS
CAROLINA HANDLING, LLC AND HEUBEL MATERIAL HANDLING, INC.**

On January 22, 2025, Defendants Carolina Handling, LLC and Heubel Material Handling, Inc., filed a motion to dismiss the claims against them. (ECF No. 11.) On February 21, 2025, the Court set aside the order granting the motion to dismiss as improvidently granted. (ECF No. 17.) The Court has now considered the motion, Plaintiff's response (ECF No. 15), and Defendants' reply (ECF No. 19) and finds that the motion should be **GRANTED**.

The Tennessee Products Liability Act ("TPLA"), Tenn. Code Ann. § 29-28-105, *et seq.*, provides the statutory framework for bringing defective product claims against manufacturers and sellers. It "supersede[s] common law claims for personal injuries stemming from alleged defects in products or failures to warn of the dangers associated with a product." *Merrell v. Summit Treestands, L.L.C.*, 680 F. Supp. 3d 907, 915 (E.D. Tenn. 2023) (quoting *Coffman v. Armstrong Int'l, Inc.*, 615 S.W.3d 888, 895 (Tenn. 2021)). In the present case, according to Defendants, Plaintiff's claims against them are barred as a matter of law under Tenn. Code Ann. § 29-28-106, as they are distributors and not the manufacturer of the Model 425-C40TT lift truck, bearing Serial

No. 425-20-66331 (the "Subject Lift Truck"), which is the subject of Plaintiff's claims. Defendants argue that, as distributors and sellers under the TPLA, Plaintiff cannot bring an action against them. Plaintiff has responded that the complaint sufficiently pleads that Defendants were manufacturers under the TPLA; even if the Defendants were not manufacturers, they may have altered or modified the Subject Lift Truck, bringing them within the scope of the TPLA; and the TPLA does not apply to the third count of the complaint because that count is for "negligently leaving the [Subject Lift Truck] in the path of other forklifts at the MTD warehouse."

Standard of Review

A defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). In order to avoid dismissal under Rule 12(b)(6), a plaintiff must include in its pleading "either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *Luis v. Zang*, 833 F.3d 619, 625–26 (6th Cir. 2016) (quoting *Kreipke v. Wayne St. Univ.*, 807 F.3d 768, 774 (6th Cir. 2015)). When assessing the sufficiency of a complaint, the Court must view the factual allegations in the light most favorable to the plaintiff. *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019) (citing *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012)). While the Court must accept all the well-pleaded factual allegations of the pleading as true, the Court need not accept legal conclusions masquerading as fact claims. *Wood v. Moss*, 572 U.S. 744, 757 n.5 (2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 681; *Bell Atlantic Corp. v. Twombly*, 550 U.S.

2

544, 555 (2007). In the final analysis, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Analysis

Under the TPLA, a "manufacturer" of a product is "the designer, fabricator, producer, compounder, processor or assembler" of the product or any of its "component parts." Tenn. Code Ann. § 29–28–102(4), while a "seller" is "a retailer, wholesaler, or distributor, and means any individual or entity engaged in the business of selling a product, whether such sale is for resale, or for use or consumption . . . ." § 29–28–102(7). As this Court noted in another case, the TPLA "strictly limits the liability of the 'seller' of a defective product." *See Woods v. Tom Williams BMW*, 2019 WL 3462550, at *2 (W.D. Tenn. July 21, 2019).

In their motion, Defendants contend that Plaintiff has not sufficiently alleged facts showing that they are manufacturers within the meaning of the TPLA. In support of their argument, Defendants point that that the only allegations against them merely state in conclusory fashion that each Defendant "committed tortious acts within the State of Tennessee in that it has designed, tested, manufactured, assembled, marketed, distributed, and/or sold the [Subject Lift Truck] for ultimate distribution, sale, and use within the State of Tennessee." (Cmplt. ¶¶ 9-13, ECF No. 1-2.). Defendants correctly assert that there are no facts in the complaint to support this conclusory language and to satisfy federal pleading standards. As stated previously, the Court need not accept legal conclusions masquerading as fact claims. *Wood*, 572 U.S. at n.5 (citing *Iqbal*). It is well-established that a plaintiff must plead more than "labels and conclusions, a formulaic recitation of

the elements of a cause of action, or naked assertions devoid of further factual enhancement." *Steverson v. Walmart*, 2020 WL 4700831, at *2 (M.D. Tenn. Aug. 13, 2020) (quoting *Iqbal*) (cleaned up).

In evaluating whether a complaint has sufficiently pled that a defendant is a manufacturer under the TPLA, "conclusory allegations that all of the defendants are responsible for designing, manufacturing, selling, and marketing [the product] are not entitled to an assumption of truth" and are insufficient under federal pleading standards. *Id.* at *5 ("The Court further finds that the Steversons' have not plausibly alleged that GE is liable as a non-manufacturer seller under the TPLA because their allegations do not support a reasonable inference that GE exercised substantial control over the unit's design, testing, manufacture, packaging or labeling before it malfunctioned; that GE altered or modified the unit before it malfunctioned; that GE gave an express warranty; or that Gree, the manufacturer, has been declared insolvent or is otherwise not subject to this Court's jurisdiction.")

Here, although Plaintiff pleads that Defendants are "engaged in the marketing, sale, distribution, furnishing, maintenance, and servicing of Defendant Raymond's electric lift trucks, including the [Subject Lift Truck]," (Cmplt. ¶¶ 8, 12), the complaint does not allege that Defendants are in the business of designing, fabricating, producing, compounding, processing, or assembling electric lift trucks. To the contrary, Plaintiff explicitly alleges that The Raymond Corporation is "a 'manufacturer' under [the TPLA]" and that The Raymond Corporation is "engaged in the business of designing, manufacturing, modifying, distributing, marketing, and selling heavy-duty electric lift trucks . . . including [the Subject Lift Truck]." (*Id.* at ¶¶ 3, 6). Plaintiff's only factual allegations with respect to Defendants and the circumstances that purportedly gave rise to Plaintiff's injuries are that Defendants "delivered the [Subject Lift Truck]

4

to the MTD Consumer Group . . . for promotional and demonstration purposes" and "did not timely remove it." (*Id.* at ¶¶ 19, 24). These allegations lead to the conclusion that the Defendants were acting as sellers, not manufacturers, under the TPLA. *See Steverson*, 2020 WL 4700831, at *2 (requiring that a plaintiff assert some factual enhancement to a claim that a defendant is a manufacturer, especially when the plaintiff claims that multiple defendants are the manufacturer).

Next, Plaintiff attempts to rely on one of the TPLA's seller liability exceptions, Tenn. Code Ann. § 29-28-106(2) ("No product liability action, as defined in § 29-28-102, shall be commenced or maintained against any seller, other than the manufacturer, unless: …[the seller] (2) Altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought."). Specifically, Plaintiff argues that the complaint alleges enough to assert that the Defendants "altered or modified" the Subject Lift Truck. To support this argument, Plaintiff points to his allegation that Defendants "failed to properly inspect, maintain, and/or service the [Subject Lift Truck], . . . [and] the 'dead man pedal' of the [Subject Lift Truck]." Plaintiff fails, however, to explain how inspecting, maintaining, or servicing a product constitutes alteration or modification under the TPLA. Additionally, Plaintiff does not assert what was altered or modified, who altered or modified it, or how it was altered or modified. In fact, the complaint never mentions "altered" or "modified." Thus, the Court finds that Plaintiff has failed to plead sufficient facts to find safe harbor in Tenn. Code Ann. § 29-28-106(2).

Finally, Plaintiff argues that, even if the Court dismisses his first and second counts against Defendants, his third count should remain because it is outside the purview of the TPLA. Under the TPLA, a products liability action is defined as "all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing,

5

packaging or labeling of any product." Tenn. Code Ann. § 29-28-102(6). That is, if an action is brought for personal injuries caused by a defect of any type in a product, it is a products liability action under the TPLA, regardless of the plaintiff's theory of the case. *See Woods*, 2019 WL 3462550, at *2 (holding that the TPLA applied to a claim of "common law negligence for . . . failure 'to make necessary repairs' to the [product] before selling . . . to Plaintiff").

In describing his third count, Plaintiff states that it arises from Defendants "negligently leaving the [Subject Lift Truck] in the path of other forklifts at the MTD warehouse, causing it to become a burden on the employees of MTD, including Plaintiff." (Resp. p. 10, ECF No. 15.) Plaintiff describes this claim as "a simple negligence claim arising out of Defendants' creation of a dangerous condition." (*Id.*). But neither "becom[ing] a burden" or "creation of a dangerous condition" is what caused Plaintiff's purported injury. Instead, Plaintiff alleges that he was injured as the result of Defendants' "negligent failure to properly market, sell furnish, service, maintain, instruct, warn, advise, train and recommend as to the availability of accessory and safety equipment." (Cmplt. ¶ 16.) This claim clearly falls within the purview of the TPLA.

Plaintiff has failed to state facts sufficient to state a claim against Defendants because his claim against them is prohibited under the TPLA's bar against products liability actions filed against sellers of a product. Accordingly, Defendants Carolina Handling and Heubel's motion to dismiss is **GRANTED**, and they are dismissed as defendants in this action.

**IT IS SO ORDERED.**

s /**S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 19, 2025