**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

---

| | | |
|---|---|---|
| **RODNEY THOMPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case 1:25-cv-01010-STA-jay** |
| | ) | |
| **THE RAYMOND CORPORATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**ORDER PARTIALLY GRANTING MOTION TO AMEND**
**THIRD SCHEDULING ORDER**
**AND**
**FOURTH AMENDED SCHEDULING ORDER**

---

Pursuant to Federal Rule of Civil Procedure 16, this Court entered a Third Amended Scheduling Order on March 25, 2026. On July 6, 2026, the Parties jointly moved to modify the Third Amended Scheduling Order to extend the deadlines and reset the trial date. (ECF No. 63.) After a hearing on the motion on September 11, 2026, the Court found good cause to partially grant the motion. **No further extensions or modifications will be granted absent extraordinary circumstances.**

The following dates are established as the final deadlines for:

**ALTERNATIVE DISPUTE RESOLUTION:**

**(a) ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** January 22, 2027

**(b) SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)**:

**Mediator's Name: Jerry Potter**

**COMPLETING ALL FACT DISCOVERY**: January 8, 2027

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

**(a) DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**: January 29, 2027

**(b) DISCLOSURE OF DEFENDANTS' (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**: February 19, 2027

**(c) EXPERT WITNESS DEPOSITIONS**: April 2, 2027

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: May 3, 2027

**FILING DISPOSITIVE MOTIONS**: May 3, 2027

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have agreed that e-discovery is not likely to be necessary in this case, but if the parties determine that e-discovery is necessary later in this case, the parties will submit an e-discovery plan to the Court for approval.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service

This case is set for a jury trial. The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order. The parties anticipate the trial will last approximately 5-7 days. The trial has been reset for **September 27, 2027**, by separate notice. (ECF No. 80.)

The parties are ordered to engage in ADR by the ADR deadline. Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 11, 2026